**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                    **4:06CR00357 JMM**

**CURTIS JASON THOMAS**

**ORDER**

The Defendant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Defendant claims that the indictment against him which was filed in this Court on October 4, 2006, and to which he pled guilty should be dismissed based upon a violation of the anti-shuttling requirement of Article IV(e) of the Interstate Agreement on Detainers ("IAD"). The Government has responded.

On June 25, 2008 in this Court, the Defendant pled guilty to possession with intent to distribute cocaine base. The Defendant's guilty plea "extinguishe[d] his right to raise this claim under the IAD, as a violation of article IV(e) of the IAD is a non-jurisdictional error, and thus waivable by a criminal defendant." *United States v. Hach,* 615 F.2d 1203, 1204 (8th Cir. 1980)(citing *Camp v. United States,* 587 F.2d 397, 399-400 (8th Cir. 1978)). In other words, the Defendant gave up his right to raise this anti-shuttling IAD claim when he pled guilty to Count One of the indictment. Therefore, his § 2255 Motion must be denied.

Moreover, in *Huff v. United States.*, the Eighth Circuit considered whether the violation of the IAD alone was a "fundamental defect which inherently results in a complete miscarriage of justice" for purposes of a § 2255 petition. *Huff v. United States*, 599 F.2d 860, 863 (8th Cir. 1979). The Court of Appeals found that it was not a fundamental defect because there was no indication by the petitioner that the IAD violation caused the petitioner any harm, "either in his

defense to the pending federal charges or to his status in the state prison facility." *Id*. Likewise, there is no indication in the instant case that the alleged IAD violation caused the Defendant any harm. Because "the mere failure to comply with the IAD, without more, does not justify relief under section 2255," the Defendant's Motion is denied.

For the reasons stated, the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket # 67) is DENIED. The Court finds that the motion, files, and records of the case conclusively show that Petitioner is not entitled to relief. Therefore, no hearing is required.

IT IS SO ORDERED this 28th day of February, 2011.

James M. Moody
United States District Judge